IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELLE ELLIS, )
)
       Plaintiff, )
)
v. ) Civil Action No. 11-163J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
       Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of September, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications[1] for benefits on March 9, 2007, alleging a disability onset date of November 9, 2005, due to migraines, depression and anxiety. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a video hearing on June 23, 2009, at which plaintiff, represented by counsel, appeared and testified. On August 19, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On May 20, 2011, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 42 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c) and 416.963(c). She has a high school education and has past relevant work experience as an elementary school aide and a pharmacy tech, but she has not engaged in any substantial gainful activity since her alleged onset date.

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has acquired sufficient quarters of coverage to remain insured only through December 31, 2010.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of migraines, an adjustment disorder and bipolar disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the medium exertional level except she is limited to simple, routine tasks, she must avoid exposure to the public with a maximum exposure to supervisors and peers of 10%, and she must be permitted 5 unscheduled absences per year. (R. 17). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including racker, folder and labeler/marker. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly evaluated the medical evidence by erroneously rejecting the opinions of her treating physician and the consultative

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

examiner; (2) the ALJ misrepresented plaintiff's activities of daily living in evaluating plaintiff's credibility; and, (3) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed to account for all of plaintiff's work-related limitations. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ erroneously rejected the opinions of her treating physician, Dr. Holsinger, who opined in a medical assessment dated February 7, 2008, that plaintiff is "limited" in her ability to do almost all work-related mental activities, (R. 205-06), and the consultative examiner, Dr. Kennedy, who opined in a medical source statement dated June 29, 2007, that plaintiff had "marked" limitations in her ability to do a number of work-related mental activities and "extreme" limitations in several others. (R. 184-185). The court finds no error in the ALJ's evaluation of this evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not

inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d)(2).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ expressly addressed the reports from both Dr. Holsinger and Dr. Kennedy in his decision and adequately explained why he gave those opinions "little weight." (R. 17). The ALJ noted that Dr. Kennedy's opinion is inconsistent with his own additional findings set forth in his medical source statement as detailed in the ALJ's decision, including, significantly, his finding that plaintiff has "no problems with her ability to hold employment" (R. 181). The ALJ also determined that the opinions of both Dr. Holsinger and Dr. Kennedy were inconsistent with other evidence in the record, including plaintiff's activities of daily living. (R. 17). Finally, the ALJ noted that the assessments of Dr. Holsinger and Dr. Kennedy were at odds with those of the state agency reviewer, Dr. Glover, who found that plaintiff has no more than moderate limitations in any area of functioning. (R. 196; 199-200). Thus, because the limitations advanced by Dr. Holsinger and Dr. Kennedy were inconsistent with the totality of the evidence, the ALJ gave them little weight. (R. 19).

The record supports the ALJ's evaluation of the foregoing medical evidence. The ALJ's conclusion that plaintiff's severe impairments do not result in completely debilitating limitations also is supported by other evidence in the record as discussed by the ALJ. (R. 15-17). Significantly, Dr. Kennedy noted in his report that plaintiff has never been hospitalized for the treatment of any mental disorder and at the time of his evaluation she was not receiving "individual treatment." (R. 180). A medication summary from Cambria County Mental Health/Mental Retardation dated June 24, 2001, noted a Global Assessment of Functioning ("GAF")[3] score of 60, which is indicative of only moderate symptoms or moderate difficulty in social, occupational or school functioning. (R 212). That same report shows that plaintiff was scheduled for 6 appointments between November 1, 2008, and June 8, 2009, but only kept 4 of those.

Dr. Holsinger's progress notes indicate that, although plaintiff was struggling dealing with her daughter's leukemia, she was "doing fairly well," and "improving somewhat." (R. 207). Dr. Holsinger's notes also demonstrate that plaintiff was reluctant to go to counseling. (R. 209). In light of all of the evidence,

---

[3] The GAF score considers psychological, social and occupational functioning on a hypothetical continuum of mental health. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994). Although the use of the GAF scale is not endorsed by the Social Security Administration because its scores do not have any direct correlation to the disability requirements and standards of the Act, See 65 Fed.Reg. 50746, 50764-65 (2000), as with any other clinical findings contained in narrative reports of medical sources, the ALJ nevertheless is to consider and weigh those findings under the standards set forth in the regulations for evaluating medical opinion evidence. 20 C.F.R. §§404.1527(d) and 416.927(d).

AO 72
(Rev. 8/82)

- 7 -

the court is satisfied that substantial evidence supports the ALJ's decision to give "little weight" to the debilitating limitations set forth by Dr. Holsinger and Dr. Kennedy. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

The court also finds no error in the ALJ's evaluation of the opinion of Dr. Glover, the state agency consultant. Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(f)(2)(i) and 416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(f)(2)(ii) and 416.927(f)(2)(ii); SSR 96-6p. The ALJ did so here and, having concluded that the state agency physician's report was more consistent with the totality of the evidence, he properly gave that opinion "some weight." (R. 17).

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

The court also finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and limitations. As required, in assessing plaintiff's credibility the ALJ considered

plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p.

The ALJ did a thorough job in his decision explaining why plaintiff's statements concerning the "intensity, persistence and limiting effects of her symptoms are not entirely credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 18). In particular, he noted that plaintiff's self-reported activities of daily living are inconsistent with an individual experiencing totally debilitating symptomatology and that there is no evidence that she experiences significant side effects from her medications or that her medications have been changed frequently or the dosages altered due to side effects and/or ineffectiveness. (R. 18).

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of not only her activities of daily living but also in light of the medical evidence, which revealed the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

It also is important to note that while the ALJ did not find plaintiff's subjective complaints <u>entirely</u> credible, his decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from her impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in his residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence and the court is satisfied that it is.

Finally, the court finds no merit to plaintiff's argument that the ALJ failed to incorporate into his residual functional capacity finding and hypothetical to the vocational expert, "<u>specific</u> marked limitations in the areas of handling work stress and changes, getting along with others and maintaining reliability identified by both Dr. Kennedy and Dr. Holsinger." As already discussed, the ALJ gave little weight to the assessments finding "marked" limitations in those areas as noted by Dr. Holsinger and Dr. Kennedy and the court already has found that the ALJ's evaluation of the medical evidence is supported by substantial evidence. Thus, the ALJ did not err in rejecting "specific marked limitations" in his residual functional capacity finding.

Instead, the ALJ incorporated limitations accommodating plaintiff's _moderate_ limitations in the foregoing areas by restricting plaintiff to simple, routine tasks, the avoidance of exposure to the public and a maximum exposure to supervisors and peers of 10%, and an allowance of 5 unscheduled absences per year. (R. 17). The court is satisfied that the ALJ's residual functional capacity finding and hypothetical to the vocational expert adequately account for all limitations supported by the evidence. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984)(RFC and hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Lindsay Fulton Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

John J. Valkovci, Jr.
Assistant U.S. Attorney
Room 224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901